**In re: Search of the Premises of Carl Ray WILSON.**

No. 4:01M5002.

United States District Court, E.D. Arkansas, Western Division.

June 4, 2001.

---

## ORDER

STEPHEN M. REASONER, District Judge.

Presently before the Court is United States Magistrate Judge Thomas J. Ray's ("Judge Ray") Order of March 8, 2001, which this Court treats as a Recommended Disposition. The Court has reviewed the Recommended Disposition, the objections thereto, and the entire record *de novo*. For the following reasons, the Court approves Judge Ray's Order of March 8, 2001, insofar as he correctly decided the extent to which the Carl Ray Wilson search warrant file (the "Wilson file") should be sealed pursuant to *In re Search Warrant for Secretarial Area Outside Office of Thomas Gunn*, 855 F.2d 569 (8th Cir.1988). However, the Court cannot adopt the remaining portions of said Order.

## I. *FACTS*

The factual background of this case is summarized in the Court's Order of April 5, 2001. On March 8, 2001, Judge Ray entered his Order, in which he (1) decided the sealing and unsealing issues regarding the Wilson file, (2) declared the practices of the United States District Court Clerk's Office for the Eastern District of Arkansas unconstitutional, and (3) declared Amended General Order No. 22 unconstitutionally overbroad. Judge Ray's Order was primarily based upon the holding in the case *In re Search Warrant for Secretarial Area Outside Office of Thomas Gunn*, 855 F.2d

569 (8th Cir.1988). In this Court's Order of April 5, 2001, the latter two portions of Judge Ray's order were vacated and treated as a Recommended Disposition because this Court found that Judge Ray did not have the statutory jurisdiction under 28 U.S.C. § 636 or the authority under Article III of the United States Constitution to declare a local rule adopted by a majority of district court judges unconstitutional.[1] Thereafter, the United States and Movants filed their objections to the Recommended Disposition. Pleadings were also filed by three United States district judges,[2] and the National Association of Criminal Defense Lawyers.[3] On May 29, 2001, a hearing was held before this Court to address the issues presented.

## II. *ANALYSIS*

As previously stated, Judge Ray (1) decided the sealing and unsealing issues with regard to the Wilson file, (2) declared the practices of the United States District Court Clerk's Office for the Eastern District of Arkansas unconstitutional, and (3) declared Amended General Order No. 22 unconstitutionally overbroad.

### A. *The Wilson File*

As to Judge Ray's specific findings and conclusions regarding the extent to which the Wilson file should be sealed or unsealed, this Court finds that said findings and conclusions were well within his discretion and were entirely supported by Eighth Circuit precedent. *See In re*

1. The Court notes that the previous Order of April 5, 2001, indicated that only certain portions of Magistrate Judge Ray's Order of March 8, 2001, would be reviewed by this Court. However, Movants urged the Court to review Magistrate Judge Ray's entire Order, and the Court does so in the present Order.

2. In their pleading, United States District Judges Williams R. Wilson, Jr., James M. Moody, and Henry Woods do not address the

constitutionality of Amended General Order No. 22 or the practices of the Clerk's Office, but instead note their disagreement with the issues previously decided by this Court in its Order of April 5, 2001.

3. Conversely, the pleading filed by the National Association of Criminal Defense Lawyers was on point and the Court expresses its gratitude to that organization.

*Search Warrant for Secretarial Area Outside Office of Thomas Gunn,* 855 F.2d 569 (8th Cir.1988). To the extent that said findings need the approval of this Court, they are approved in their entirety.

### B. The Constitutionality of Amended General Order No. 22 and the Practices of the Clerk's Office

However, there is one reason why this Court cannot adopt the remaining findings and conclusions in Judge Ray's Order of March 8, 2001: the Movants do not have third party standing under the overbreadth doctrine to challenge the constitutionality of Amended General Order No. 22 or the practices of the Clerk's Office.

■ There is a general rule against third party standing, also known as the rule against *jus tertii* standing. "A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights. As a general rule, if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations." *County Court of Ulster County v. Allen,* 442 U.S. 140, 154–55, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). This is a "prudential rule of judicial self-restraint" and is a standing requirement "apart from the 'case or controversy' requirement in Article III." *United States v. Lemons,* 697 F.2d 832, 834–35 (8th Cir.1983) (rehearing en banc denied March 1, 1983). "This rule is a matter of federal judicial practice rather than constitutional mandate." *Id.* at 835.

■ "A *limited* exception has been recognized for statutes that broadly prohibit speech protected by the First Amendment. This exception has been justified by the overriding interests in removing illegal deterrents to the exercise of free speech." *Id.* at 155, 99 S.Ct. 2213 (citations omitted)

(emphasis added). This limited exception, often called "the overbreadth doctrine," allows third parties, such as the Movants in the present case, to challenge a statute on the ground that it violates the First Amendment rights of third parties not before the court. *See Village of Schaumburg v. Citizens for a Better Environment,* 444 U.S. 620, 634, 100 S.Ct. 826, 63 L.Ed.2d 73 (1980).

■ However, the United States Supreme Court has stated that there are limitations on the overbreadth doctrine as an exception to the prohibition against third party standing. First, the Court has held that in order for a statute to be declared unconstitutional on overbreadth grounds, the district court must find a "substantial overbreadth." *Broadrick v. Oklahoma,* 413 U.S. 601, 613, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). In other words, "the law's excessive regulation must 'not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep.'" *Id.* Second, "the Court has held that when confronted with an overbreadth challenge a court should attempt to construe the statute so as to avoid constitutional problems and failing that, should, if possible, attempt to sever the unconstitutional part of the law from the remainder of the statute." Erwin Chemerinsky, *Federal Jurisdiction* § 2.3.4 (3d ed.1999) (citing *New York v. Ferber,* 458 U.S. 747, 769 n. 24, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982)). In addition, the Eighth Circuit has instructed that "[w]hile federal courts are obliged to decide constitutional questions when necessary to the resolution of a dispute before them, 'they have an equally strong duty to avoid constitutional issues that need not be resolved in order to determine the rights of the parties to the case under consideration.'" *United States v. Turechek,* 138 F.3d 1226, 1229 (8th Cir.1998) (quoting *Allen,* 442 U.S. at 154, 99 S.Ct. 2213).

In the present case, the constitutional issues need not be resolved in order to determine the rights of the parties. Judge Ray decided what portions of the Wilson file should be sealed or unsealed based upon the Eighth Circuit precedent of *Gunn* and not Amended General Order No. 22. Thus, because the issues regarding the unsealing of the Wilson file were decided under *Gunn,* there is no need to reach the constitutional issues in this case. Therefore, the Movants lack standing to make an overbreadth challenge to Amended General Order No. 22 and this Court has a "strong duty to avoid constitutional issues that need not be resolved in order to determine the rights of the parties to the case under consideration." *Turechek,* 138 F.3d at 1229.

Nonetheless, the Court notes that it generally agrees with the reasoning of Judge Ray in his Order of March 8, 2001, as it relates to the constitutionality of Amended General Order No. 22 and the practices of the Clerk's Office, *i.e.,* that Amended General Order No. 22 conflicts with the holding in *Gunn.* "We are persuaded that the first amendment right of public access does extend to the documents filed in support of search warrant applications." *Gunn,* 855 F.2d at 573. Amended General Order No. 22 improperly places the burden of showing good cause upon a moving party. The Eighth Circuit states that "[t]he party seeking closure or sealing must show that such a restriction of the first amendment right of public access is necessitated by a compelling government interest." *Id.* at 574. Moreover, the procedures of the Clerk's Office do not allow for a public docketing system with regard to search warrant files, even if the docket entries are generally vague and the text of the docket entries are sealed. *See id.* at 575. However, such concerns are more appropriately addressed by replacing or amending Amended General Order No. 22, which can be achieved by and through the action of a majority of the District Judges acting as a court. *See* Fed. R.Civ.P. 83(a); Fed.R.Crim.P. 57(a).

## III. CONCLUSION

After a careful consideration of Magistrate Judge Thomas J. Ray's Order of March 8, 2001, the objections and pleadings filed in response, and a *de novo* review of the entire record, the Court makes the following conclusions. To the extent that Judge Ray's specific findings regarding the sealing of the Wilson file are appropriately before this Court, they are approved in their entirety. However, because Movants do not have standing to make an overbreadth challenge to Amended General Order No. 22 and the practices of the Clerk's Office, the Court declines to adopt those portions of Judge Ray's Order of March 8, 2001. Therefore, to the extent Movants seek this Court to declare Amended General Order No. 22 and the procedures of the Clerk's office unconstitutional, the Court denies the relief they seek.